ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Jul-19 16:02:42
60CV-21-4374
C06D04 : 14 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### _____DIVISION

**STEVE LANDERS, SR.,** individually and on
behalf of all others similarly situated                              **PLAINTIFF**

v.                    Case No. _____

**PHILIPS NORTH AMERICA LLC,**
**PHILIPS RS NORTH AMERICA LLC,**
**KONINKLIJKE PHILIPS N.V.**                              **DEFENDANTS**

---

### CLASS ACTION COMPLAINT

---

Comes now the Plaintiff Steve Landers, Sr., individually and on behalf of all others similarly situated, ("Plaintiff") by and through his attorneys, and for his Class Action Complaint, against Philips North America LLC, Philips RS North America LLC, and Koninklijke Philips N.V. ("Defendants") states:

### INTRODUCTION

1.     This Action seeks certification of a proposed class of Arkansans who purchased Philips Respironics Bi-Level Positive Airway Pressure (BiPAP), Continuous Positive Airway Pressure (CPAP), and Mechanical Ventilator machines (the "Philips Respironics ventilators, BiPAP and CPAP machines")[1] and damages for breach of warranty, unjust enrichment, attorney's fees, and costs.

---

[1]     The Philips Respironics ventilators, BiPAP and CPAP machines are identified in the table at Paragraph No. 23, *infra*.


EXHIBIT
A.

2.    The Philips Respironics ventilators, BiPAP and CPAP machines contained uniformly defectively designed polyester-based polyurethane (PE-PUR) sound abatement foam ("PE-PUR Foam Design Defect") that Defendants and their related subsidiaries designed, manufactured, distributed, and sold.

3.    The PE-PUR Foam Design Defect allowed the PE-PUR Foam and chemicals to enter the Philips Respironics ventilators, BiPAP and CPAP machines' air pathway, which the user can swallow and inhale.

4.    The Defendants have received reports from consumers that the PE-PUR Foam Design Defect causes headaches, upper airway irritation, cough, chest pressure and sinus infections. Exhibit No. 1, *Certain Philips Respironics Ventilators, BiPAP, and CPAP Machines Recalled Due to Potential Health Risks: FDA Safety Communication* (June 30, 2021).

5.    When PE-PUR Foam is inhaled, it causes skin irritation, eye, and respiratory tract inflammatory response, headache, asthma, and toxic or carcinogenic effects to organs, such as kidneys and liver.

6.    When consumers are exposed to the chemicals released by the PE-PUR Foam, it causes headaches, dizziness, irritation in the eyes, nose, respiratory tract, and skin, hypersensitivity, nausea/vomiting, and toxic and carcinogenic effects.

### PARTIES, JURISDICTION, AND VENUE

7.    Plaintiff Steve Landers, Sr., is a citizen of the State of Arkansas. Plaintiff resides in Pulaski County Arkansas. Plaintiff purchased a Philips Respironics CPAP machine, specifically, a DreamStation (S/N J21364062C19C)("Device"), within the past 3 years.

8.    The Class are citizens of Arkansas.

9.      Philips North America LLC, is a Massachusetts Limited Liability Company, and may be served with process in this Action through its registered agent: Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201-2425.

10.     Philips RS North America LLC, is a Delaware Limited Liability Company, and may be served with process in this Action through its registered agent: Corporation Service Company, 84 State St., Boston, MA 02109.

11.     Koninklijke Philips N.V. is a Dutch company, with its principal place of business in Amsterdam, Netherlands, and is the parent company of Philips North America LLC and Philips RS North America LLC.

12.     A substantial part of the event or omission giving rise to the cause of action occurred in Pulaski County, Arkansas. Plaintiff resided in Pulaski County at the time of the event or omission giving rise to the cause of action.

13.     This Court has subject-matter jurisdiction over this action under Ark. Const. Amend. 80 § 6(A) which makes the trial court the "original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution."

14.     This Court has personal jurisdiction over Defendants under Ark. Code Ann. § 16-4-101(B) and the due process clause of the Fourteenth Amendment to the United States Constitution.

15.     The employees of each Defendant, their subsidiaries, affiliates, and other related entities, where the agents, servants, and employees of the other Defendants, and each was acting with the purpose and scope of the agency and employment. Whenever referring to any act or transaction of such Defendant shall be deemed to mean that the principals, officers, directors,

employees, agents, and/or representatives of each Defendant committed, knew of, performed, authorized, ratified and/or directed such act or transaction for Defendant while engaged in the scope of their duties.

16.    The running of any statute of limitations has been equitably tolled by reason of Defendants' fraudulent concealment and/or omissions of critical safety information. Through their affirmative misrepresentations and omissions, Defendants actively concealed from Plaintiff and their physicians the true risks associated with the Philips Respironics ventilators, BiPAP and CPAP machines.

17.    Because of Defendants' actions, Plaintiff and the Class members were unaware, and could not have reasonably known or learned through reasonable diligence, that they had been exposed to the risks and harms set forth and that those risks and harms were the direct and proximate result of Defendants' acts and omissions.

## FACTUAL ALLEGATIONS

18.    Defendants designed, manufactured, distributed, and sold the Philips Respironics ventilators, BiPAP and CPAP machines.

19.    Defendants marketed the Philips Respironics ventilators, BiPAP and CPAP machines as safe, reliable, and quiet.

20.    On April 13, 2021, the Defendants announced they were launching a newer generation of their devices.

21.    On April 26, 2021, the Defendants disclosed:

**Regulatory update**

Philips has determined from user reports and testing that there are possible risks to

users related to the sound abatement foam used in certain of Philips' sleep and respiratory care devices currently in use. The risks include that the foam may degrade under certain circumstances, influenced by factors including use of unapproved cleaning methods, such as ozone [1], and certain environmental conditions involving high humidity and temperature. The majority of the affected devices are in the first-generation DreamStation product family. Philips' recently launched next-generation CPAP platform, DreamStation 2, is not affected. Philips is in the process of engaging with the relevant regulatory agencies regarding this matter and initiating appropriate actions to mitigate these possible risks. Given the estimated scope of the intended precautionary actions on the installed base, Philips has taken a provision of EUR 250 million.

22.     On June 14, 2021, the Defendants announced a "recall" to "address identified potential health risks related to the polyester-based polyurethane (PE-PUR) sound abatement foam component in" "between 3 million or 4 million" devices, determining the PE-PUR foam may degrade into particles which may enter the device's air pathway and be ingested or inhaled by the user, and the foam may off-gas certain chemicals."

23.     The list of the devices recalled by Defendants, manufactured between 2009 and April 26, 2021, is:

| CPAP and BiPAP Devices | |
|---|---|
| Device Type | Model Name and Number |
| Continuous Ventilator, Minimum Ventilatory Support, Facility Use | • E30 (Emergency Use Authorization) |
| Continuous Ventilator, Non-life Supporting | • DreamStation ASV <br> • DreamStation ST, AVAPS <br> • SystemOne ASV4 <br> • C-Series ASV <br> • C-Series S/T and AVAPS <br> • OmniLab Advanced+ |
| Noncontinuous Ventilator | • SystemOne (Q-Series) <br> • DreamStation <br> • DreamStation Go <br> • Dorma 400 <br> • Dorma 500 |

| | • REMstar SE Auto |
|---|---|

| **Ventilators** | |
|---|---|
| Device Type | Model Name and Number |
| Continuous Ventilator | • Trilogy 100<br>• Trilogy 200<br>• Garbin Plus, Aeris, LifeVent |
| Continuous Ventilator, Minimum Ventilatory Support, Facility Use | • A-Series BiPAP Hybrid A30 (not marketed in US)<br>• A-Series BiPAP V30 Auto |
| Continuous Ventilator, Non-life Supporting | • A-Series BiPAP A40<br>• A-Series BiPAP A30 |

*See* Exhibit No. 1.

24.     The Recall is inadequate because it did not address the true source of the problem or fix the problem. The Recall did not provide for replacement products. It did not provide for reimbursement of consumers' related costs to PE-PUR Foam Design Defect, replace totally failed products, reimburse consumers for Philips Respironics ventilators, BiPAP and CPAP machines lost to the PE-PUR Foam Design Defect, or compensate consumers for the costs and expenses associated with the time during which they are unable to because of the PE-PUR Foam Design Defect.

25.     As a result of the health risks associated with the use of the Philips Respironics ventilators, BiPAP and CPAP machines have been rendered substantially useless and worthless.

26.     Defendants provided Plaintiff and the Class with an express, written, warranty, covering the Philips Respironics ventilators, BiPAP and CPAP machines.

27.     Through a comprehensive advertising campaign, Defendants marketed the Philips

Respironics ventilators, BiPAP and CPAP machines as quality and safe.

28.     Despite its knowledge of the PE-PUR Foam Defect, Defendants failed to disclose and actively concealed the defect, that the Philips Respironics ventilators, BiPAP and CPAP machines were not fit for their intended purposes, the pervasiveness of the PE-PUR Foam Defect even when Class members directly inquired about it, forced the Class members to bear the cost of temporary solutions, while failing to offer a comprehensive and effective Recall.

29.     Quality and reliability were important to Mr. Landers when he purchased the CPAP Device.

30.     If Defendants disclosed their knowledge of the PE-PUR Foam Defect to Plaintiff, he would not have purchased the CPAP Device or paid less for the CPAP Device.

31.     Plaintiff has attempted to use the CPAP Device in a manner that was both foreseeable and in which it was intended to be used.

<u>**CLASS ACTION ALLEGATIONS**</u>

32.     Plaintiff brings this action as a class action under Rule 23 of the Arkansas Rules of Civil Procedure.

33.     Plaintiff sues on his own behalf and for the following class:

All citizens of the State of Arkansas who purchased a Philips Respironics ventilator, BiPAP and CPAP machines excluding Defendants, the parents, directors and officers of Defendants, directors of officers of its parents and governmental entities, the judicial officers who this case is assigned and their staff. (the "Class").

34.     This Class action does not include any claims for personal injury arising out of the facts alleged herein. This Class action does not preclude anyone from filing a claim for personal injury arising out of the facts alleged herein.

35.    The members of the Class are so numerous that joinder of all members is impracticable. Although the precise number of members of the Class is unknown, enough members are putative Class Members to meet the requirements of Rule 23(a)(1). The Class Members identities are identifiable through records kept by Defendants. It is administratively feasible to determine whether a particular individual is a member of the Class.

36.    Plaintiff is a member of the Class.

37.    Plaintiff's claims are typical of the claims of all Class Members in that all putative Class Members seek identical relief and possess identical legal claims.

38.    No antagonism exists between the interest of the representative Plaintiff and the interests of other Class Members, and Plaintiff is fully prepared to pursue their case diligently on behalf of all Class Members.

39.    Plaintiff's counsel are experienced in class action litigation and well qualified to conduct this litigation.

40.    There are numerous questions of law and fact within the meaning of Rule 23 and these common questions predominate over any questions affecting only individual Class Members within the meaning of Rule 23:

      a.    Do the Philips Respironics ventilators, BiPAP and CPAP machines have a PE-PUR Foam Design Defect?

      b.    Did Defendants know or should have known about the PE-PUR Foam Design Defect, and if so, for how long?

      c.    Is the defect in the Philips Respironics ventilators, BiPAP and CPAP machines a material fact that reasonable consumers would have considered in deciding whether to purchase a Philips Respironics ventilators, BiPAP and CPAP machines?

d.    Did Defendants have a duty to disclose the defective nature of the Philips Respironics ventilators, BiPAP and CPAP machines to Plaintiff and the Class Members?

e.    Did Defendants omit and failed to disclose material facts about the Philips Respironics ventilators, BiPAP and CPAP machines?

f.    Did Defendants conceal the true defective nature of the Philips Respironics ventilators, BiPAP and CPAP machines inducing Plaintiff and the Class Members to act to their detriment by purchasing the Philips Respironics ventilators, BiPAP and CPAP machines?

g.    Did Defendants represent, through their words and conduct, that the Philips Respironics ventilators, BiPAP and CPAP machines had characteristics, uses, or benefits that they actually did not have?

h.    Did Defendants represent, through their words and conduct, represent that the Philips Respironics ventilators, BiPAP and CPAP machines were of a particular standard, quality, or grade, when they were of another?

i.    Did Defendants advertise the Philips Respironics ventilators, BiPAP and CPAP machines with the intent not to sell them as advertised?

j.    Were the Philips Respironics ventilators, BiPAP and CPAP machines unfit for the ordinary purposes for which they were used, in violation of the implied warranty of merchantability?

k.    Are Plaintiff and the other Class Members entitled to a declaratory judgment stating that the PE-PUR Foam Design Defect in Philips Respironics ventilators, BiPAP and CPAP machines are defective and/or not merchantable?

l.    Are Plaintiff and the other Class Members entitled to equitable relief, including, but not limited to, a preliminary and/or permanent injunction?

m.    Should Defendants be declared financially responsible for notifying all Class Members of the problems with the Philips Respironics ventilators, BiPAP and CPAP machines and for the costs and expenses of permanently remedying the PE-PUR Foam Design Defect in the Class Devices?

n.    Should Defendants be obligated to inform Class Members of their right to seek reimbursement for having paid to diagnose, repair, or replace the defective Philips Respironics ventilators, BiPAP and CPAP machines?

41.    The common pattern of conduct by Defendants (and the common legal theories for redressing the misconduct) support the maintenance of this action as a class action under Rule 23(b) of the Arkansas Rules of Civil Procedure.

42.    Under Rule 23(b), a class action is superior to the other available methods for the fair and efficient adjudication of the controversy because it is desirable to concentrate the litigation of the Class mMembers' claims to one forum since it will conserve party and judicial resources and facilitate the consistency of adjudication.

43.    The damages suffered by individual Class Members are relatively modest, and their interest in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for them to seek individual redress for the wrongs done to them, the class mechanism of Rule 23 is superior. Plaintiff knows of no difficulty encountered in the management of this action that would preclude its maintenance as a class action.

44.    It is administratively feasible to determine whether a particular individual is a member of the Class because Defendants' records have the administrative ability to identify all Class Members.

### COUNT I: BREACH OF IMPLIED WARRANTY

45.    Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

46.    The Philips Respironics ventilators, BiPAP and CPAP machines are and were at all

Page 10 of 14

relevant times "goods" within the meaning of Ark. Code Ann. § 4-2-105.

47.    Defendants are and were at all relevant times a "seller," and "merchant," of the Philips Respironics ventilators, BiPAP and CPAP machines under Ark. Ann. §§ 4-2-103(1)(d), 4-2-104(1).

48.    When they sold their Philips Respironics ventilators, BiPAP and CPAP machines, Defendants extended an implied warranty to Class members that the Philips Respironics ventilators, BiPAP and CPAP machines were merchantable and fit for the ordinary purpose for which they were sold under Ark. Code Ann. §§ 4-2-314(2).

49.    Plaintiff and other Class Members who purchased a Philips Respironics ventilators, BiPAP and CPAP machines are entitled to the benefit of their bargain: a machine that does not a have PE-PUR Foam Design Defect, which causes headaches, dizziness, upper airway irritation, cough, chest pressure and sinus infections, skin irritation, eye, and respiratory tract, inflammatory response, headache, asthma, and toxic or carcinogenic effects to organs, such as kidneys and liver and which thus render them unmerchantable.

50.    The PE-PUR Foam Design Defect is latent and was present at the time of the sale, and therefore the Philips Respironics ventilators, BiPAP and CPAP machines were not merchantable at the time of the sale.

51.    If the PE-PUR Foam Design Defect existed at the time of the sale was known, the Philips Respironics ventilators, BiPAP and CPAP machines would not have been sold, or would not have been sold at the same price for which Plaintiff and Class Members paid.

52.    As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and Class Members have been damaged in an amount to be proven at

trial.

## COUNT II: BREACH OF EXPRESS WARRANTY

53.     Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

54.     As set forth above, the Defendants expressly warranted the safety, reliability, and relative quietness of the Philips Respironics ventilators, BiPAP and CPAP machines.

55.     As described herein, the Philips Respironics ventilators, BiPAP and CPAP machines were manufactured with defective material and such defect existed at the time the Philips Respironics ventilators, BiPAP and CPAP machines left the manufacturing plant. Defendants failed to comply with the terms of the express written warranty provided to each Class Member, by failing and/or refusing to repair the subject materials defect under the Defendants' warranty as described herein.

56.     Defendants' acts in failing and/or refusing to repair the Philips Respironics ventilators, BiPAP and CPAP machines during the warranty period so as to bring the Philips Respironics ventilators, BiPAP and CPAP machines into conformity with the express warranty, deprived Plaintiff and members of the proposed Class of their rights guaranteed to them under the express warranty offered by Defendants.

57.     As a direct and proximate result of the willful failure of Defendants to comply with its obligations under the express warranty, Plaintiff and members of the proposed Class have suffered actual and consequential damages. Such damages include, but are not limited to, the cost of repairing the Philips Respironics ventilators, BiPAP and CPAP machines, the loss of the use and enjoyment of the subject Philips Respironics ventilators, BiPAP and CPAP machines, and a

diminution in the value of the Philips Respironics ventilators, BiPAP and CPAP machines containing the PE-PUR Foam Design Defect identified herein.

<u>COUNT III: UNJUST ENRICHMENT</u>

58.     Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

59.     In purchasing Defendants' Philips Respironics ventilators, BiPAP and CAP machines, Plaintiff and members of the Class paid certain sums for said devices, which include the PE-PUR Foam Design Defect, thereby conferring a benefit on Defendant that is unjust and excessive given the nature of the PE-PUR Foam Design Defect.

60.     Defendants have knowingly received and retained these benefits.

61.     It would be manifestly unjust for Defendants to retain these benefits.

62.     Plaintiff and members of the Class are entitled to an amount equal to the amount each of them enriched Defendants and for which Defendants have been unjustly enriched.

<u>DEMAND FOR JURY TRIAL</u>

63.     Under Rule 38(b) Plaintiffs demand a trial by jury.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests the following relief:

A.     Determine this action be maintained as a class action under Rule 23 of the Arkansas Rules of Civil Procedure, appoint Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B.     Damages for breach of warranty;

C.     Damages for unjust enrichment;

D.    Injunctive relief;

E.    Such other relief in law and equity, including without limitation, costs, pre-judgment interest, post-judgment interest, and any other relief to which Plaintiff and Class may be entitled.

DATE: July 19, 2021                          Respectfully, Submitted,

Thomas P. Thrash (AR #80147)
Will Crowder (AR #03138)
THRASH LAW FIRM, P.A.
1101 Garland Street
Little Rock, AR 72201-1214
(501) 374-1058 / fax (501) 374-2222
Email: tomthrash@thrashlawfirmpa.com
Email: willcrowder@thrashlawfirmpa.com

*Attorneys for Plaintiffs*

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Jul-19 16:02:42
60CV-21-4374
C06D04 : 7 Pages

### UNIFORM COVER PAGE
[To be used when required by Administrative Order No. 2 (g)*]

COURT:   <u>CIRCUIT</u>   COURT OF   <u>PULASKI</u>   COUNTY

Docket/Case Number: _____

CASE NAME:
PLAINTIFF/
PETITIONER:    STEVE LANDERS, SR., individually and on behalf of all others similarly situated

DEFENDANT/
RESPONDENT:   PHILIPS NORTH AMERICA LLC, PHILIPS RS NORTH AMERICA LLC, KONINKLIJKE PHILIPS N.V.

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):

Exhibit No. 1 - *Certain Philips Respironics Ventilators, BiPAP, and CPAP Machines Recalled Due to Potential Health Risks: FDA Safety Communication* (June 30, 2021).

*Administrative Order No 2.

    (g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

    (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

# Certain Philips Respironics Ventilators, BiPAP, and CPAP Machines Recalled Due to Potential Health Risks: FDA Safety Communication

**Date Issued: June 30, 2021**

The U.S. Food and Drug Administration (FDA) is alerting people who use Philips Respironics ventilators, BiPAP, and CPAP machines and their health care providers that Philips Respironics has recalled certain devices (see table below) due to potential health risks. The polyester-based polyurethane (PE-PUR) sound abatement foam, which is used to reduce sound and vibration in these affected devices, may break down and potentially enter the device's air pathway. If this occurs, black debris from the foam or certain chemicals released into the device's air pathway may be inhaled or swallowed by the person using the device.

If you use one of these affected devices (see table below), talk to your health care provider to decide on a suitable treatment for your condition and follow the recommendations listed below.

Philips Respironics is recalling the following affected devices manufactured between 2009 and April 26, 2021. For details, see Philips' Respironics recall notification (https://www.philips.com/c-dam/b2bhc/master/landing-pages/src/update/documents/philips-recall-letter-2021-05-a-2021-06-a.pdf) ⬈ (http://www.fda.gov/about-fda/website-policies/website-disclaimer) (PDF).

## CPAP and BiPAP Devices

| Device Type | Model Name and Number (All Serial Numbers) |
|---|---|
| Continuous Ventilator, Minimum Ventilatory Support, Facility Use | • E30 (Emergency Use Authorization) (/medical-devices/coronavirus-disease-2019-covid-19-emergency-use-authorizations-medical-devices/ventilators-and-ventilator-accessories-euas) |
| Continuous Ventilator, Non-life Supporting | • DreamStation ASV<br><br>• DreamStation ST, AVAPS<br><br>• SystemOne ASV4<br><br>• C-Series ASV<br><br>• C-Series S/T and AVAPS<br><br>• OmniLab Advanced+ |

| Device Type | Model Name and Number (All Serial Numbers) |
|---|---|
| Continuous Ventilator, Minimum Ventilatory Support, Facility Use | • E30 <u>(Emergency Use Authorization) (/medical-devices/coronavirus-disease-2019-covid-19-emergency-use-authorizations-medical-devices/ventilators-and-ventilator-accessories-euas)</u> |
| Noncontinuous Ventilator | • SystemOne (Q-Series)<br>• DreamStation<br>• DreamStation Go<br>• Dorma 400<br>• Dorma 500<br>• REMstar SE Auto |

# Ventilators

| Device Type | Model Name and Number (All Serial Numbers) |
|---|---|
| Continuous Ventilator | • Trilogy 100<br>• Trilogy 200<br>• Garbin Plus, Aeris, LifeVent |
| Continuous Ventilator, Minimum Ventilatory Support, Facility Use | • A-Series BiPAP Hybrid A30 (not marketed in US)<br>• A-Series BiPAP V30 Auto |
| Continuous Ventilator, Non-life Supporting | • A-Series BiPAP A40<br>• A-Series BiPAP A30 |

# BiPap or CPAP: Recommendations for People Who Use Affected BiPAP or CPAP Machines and Caregivers

- Talk to your health care provider to decide on a suitable treatment for your condition, which may include:
    - Stopping use of your device
    - Using another similar device that is not part of the recall
    - Using alternative treatments for sleep apnea, such as positional therapy or oral appliances, which fit like a sports mouth guard or an orthodontic retainer.

- Initiating long term therapies for sleep apnea, such as losing weight, avoiding alcohol, stopping smoking, or, for moderate to severe sleep apnea, considering surgical options.

- Continuing to use your affected device, if your health care provider determines that the benefits outweigh the risks identified in the recall notification.

- Follow the manufacturer's instructions and recommended cleaning and replacement guidelines for your CPAP machine and accessories. Ozone cleaners may worsen the breakdown of the foam, and there are other potential risks associated with the use of ozone and ultraviolet (UV) light products for cleaning CPAP machines and accessories (/medical-devices/safety-communications/potential-risks-associated-use-ozone-and-ultraviolet-uv-light-products-cleaning-cpap-machines-and).

- Register your device(s) on Philips Respironics' recall website (https://www.usa.philips.com/healthcare/e/sleep/communications/src-update) ⤴ (http://www.fda.gov/about-fda/website-policies/website-disclaimer) to stay informed of updates from Philips Respironics regarding any new instructions or other corrective fixes, which the FDA is requiring.

- Report any problems with a device (https://www.accessdata.fda.gov/scripts/medwatch/index.cfm?action=reporting.home) through the FDA's MedWatch Voluntary Reporting Form.

## Ventilators: Recommendations for People Who Use Affected Ventilators At Home and Caregivers

- Do not stop or change ventilator use until you have talked to your health care provider.

  - Alternate ventilator options for therapy may not exist or may be severely limited for patients who require a ventilator for life-sustaining therapy, or in cases where therapy disruption is unacceptable. In these situations, and in the judgment of the treating clinical team, the benefit of continued usage of these ventilator devices may outweigh the potential risks identified in the recall notification.

- Talk to your health care provider about using an inline bacterial filter, which may help to filter out particles of foam, as indicated in the Philips recall notification. At this time, the FDA does not have evidence of the safety and effectiveness of a filter for mitigating the foam risks, and the FDA's evaluation is ongoing. It is important to note the following considerations:

  - Filters will not help to reduce exposure to certain chemicals that may be released from the PE-PUR foam.

  - Filters may affect ventilator performance because they may increase resistance of air flow through the device.

- You should closely monitor for possible accumulation of foam debris on the filter or resistance-related problems in the breathing circuit after filter placement.
- <u>Register your device(s) on Philips Respironics' recall website (https://www.usa.philips.com/healthcare/e/sleep/communications/src-update)</u> ↗ (http://www.fda.gov/about-fda/website-policies/website-disclaimer).
- <u>Report any problems with a device (https://www.accessdata.fda.gov/scripts/medwatch/index.cfm?action=reporting.home)</u> through the FDA's MedWatch Voluntary Reporting Form.

# Recommendations for Health Care Providers and Facilities

- Follow the recommendations above for the affected devices used in health care settings.
- Review the recommendations above with patients who use the affected devices.
- Service affected devices and evaluate for any evidence of foam degradation.
    - If there is evidence of foam degradation, such as black debris in the device, stop use of the device, if possible, and <u>report any problems with a device (https://www.accessdata.fda.gov/scripts/medwatch/index.cfm?action=reporting.home)</u> through the FDA's MedWatch Voluntary Reporting Form.

# Description of the Devices

These devices are used to provide breathing assistance. Specifically:

- A bilevel positive airway pressure (also known as **BiPAP, BiLevel PAP,** or **BPAP**) machine pumps air under pressure into the airway of the lungs. BiPAP machines have a higher pressure when you breathe in and lower pressure when you breathe out.
- A continuous positive airway pressure **(CPAP)** machine keeps your airway open by providing a continuous stream of air through a mask. CPAP machines are devices prescribed to people with obstructive sleep apnea to keep their airways open during sleep.
- A continuous **ventilator** device is intended to mechanically control or assist patient breathing by delivering a predetermined percentage of oxygen in the breathing gas.

# PE-PUR Foam May Be Inhaled or Swallowed, Presenting a Potential Health Risk

Polyester-based polyurethane (PE-PUR) is a sound abatement foam used to reduce sound and vibration in these devices and other medical equipment. The PE-PUR foam in the affected Philips Respironics CPAP, BiPAP, and ventilator devices may:

- Break down (degrade) into particles which may enter the device's air pathway and be inhaled or swallowed by the user
- Release certain chemicals into the device's air pathway, which may be inhaled

These issues can result in serious injury, which can be life-threatening, cause permanent impairment, and require medical intervention to prevent permanent damage.

To date, Philips Respironics has received several complaints about the presence of black debris/particles within the device's air pathway. Philips Respironics also has received reports of headache, upper airway irritation, cough, chest pressure, and sinus infection, which may be related to this issue, though the cause of the symptoms cannot be definitively linked.

The potential risks of particulate exposure include irritation to the skin, eye, and respiratory tract, inflammatory response, headache, asthma, and toxic or carcinogenic effects to organs, such as kidneys and liver.

The potential risks of exposure to chemicals released into the device's air pathway from the PE-PUR foam include headache; dizziness; irritation in the eyes, nose, respiratory tract, and skin; hypersensitivity; nausea/vomiting; and toxic and carcinogenic effects.

The foam degradation may be exacerbated by high heat and high humidity environments, and by use of unapproved cleaning methods, such as ozone.

To date, there have been no reports of death as a result of these issues.

## FDA Actions

The FDA is working with Philips Respironics to evaluate the issue, the scope of the recall, and the most appropriate mitigation strategies, including corrective actions by the company.

The FDA is analyzing medical device reports (MDRs) related to the affected devices over the period of 2009-2021 for reports that could be related to this issue.

The FDA does not have evidence at this time that any other CPAP machines, BiPAP machines, or ventilators, from Philips or other manufacturers, are affected.

The FDA will continue to monitor supply and demand to assess availability of the affected devices and any potential shortages.

The FDA will continue to share updates with the public as we learn more.

## Reporting Problems with Your Device

If you think you had a problem with a CPAP, BiPAP, or mechanical ventilator, the FDA encourages you to <u>report the problem through the MedWatch Voluntary Reporting Form</u> <u>(https://www.accessdata.fda.gov/scripts/medwatch/index.cfm?action=reporting.home)</u>.

Health care personnel employed by facilities that are subject to the FDA's user facility reporting requirements should follow the reporting procedures established by their facilities.

## Questions?

For more information on the recall notification, contact your local Philips representative or visit <u>Philips Respironics' recall notification web page</u> <u>(https://www.usa.philips.com/healthcare/e/sleep/communications/src-update)</u> ☐ <u>(http://www.fda.gov/about-fda/website-policies/website-disclaimer)</u>.

More information on medical device recalls, including <u>What is a Medical Device Recall</u> <u>(/medical-devices/medical-device-recalls/what-medical-device-recall)</u>, is available on FDA.gov.